# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| TERRY COLEY | : | DOCKET NO. 2:05-cv-1619<br>Section P |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| JOE YOUNG, WARDEN | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Terry Coley, pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

By this petition, the petitioner challenges the decision of the Bureau of Prisons (BOP) to deny his request for a "nearer to home transfer" to FCI Coleman, Florida. He also claims that in December, 2003, the BOP placed a management variable of "greater security" on him without giving him prior notice, and he requests that this classification be removed.

Petitioner has presented his claims through all levels of the administrative remedy procedure, and his claim was denied on August 16, 2005 by the Administrator of the National Inmate Appeals. *See* Exhibit H, attached to petition. With respect to petitioner's request for a transfer, it was noted through the administrative remedy procedure that in October, 2004, a request for a "nearer to home" transfer was submitted by institution staff on behalf of petitioner but that the transfer was denied due to population pressures. *See* Exhibit F, attached to petition. Petitioner was transferred to FCI

Oakdale on January 2, 2005, and he was informed that he "may be considered for a nearer release transfer after completing 18 months of clear conduct at [the] current prison, or July, 2006." *See* Exhibit H. With respect to petitioner's objection to his "greater security" classification, the Administrator informed petitioner that the "greater security" management variable was appropriately applied to petitioner because he failed to report for incarceration in April, 1997 as ordered by the sentencing court. *Id.*

Petitioner filed this petition for writ of *habeas corpus* on September 13, 2005. He claims that in reaching their decisions, the BOP violated its own policy statements and that its decisions with respect to his classification and his request for a transfer denied him due process of law.

## LAW AND ANALYSIS

In order to be granted a writ of *habeas corpus*, the petitioner must show that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). A due process claim is only cognizable when a recognized liberty or property interest is at stake. *Board of Regents v. Roth,* 92 S.Ct. 2701, 2705 (1972). Generally, a prisoner's liberty interest is "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless, imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 115 S.Ct. 2293, 2295 (1995); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Petitioner claims that his current detention violates his due process rights under the Fifth Amendment of the United States Constitution because he was wrongfully denied a transfer to another correctional institution and because his custodial classification was improperly changed without his prior notice. It is well settled that prisoners do not have a constitutionally protected liberty interest

in being placed in a particular institution or in their custodial classifications. *Meachum v. Fano*, 96 S.Ct. 2532 (1976); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Myers v. Dretke*, 2005 WL 2716261 (S.D. Tex. 2005). Accordingly, petitioner is not entitled to *habeas* relief on either of his claims.

For these reasons,

IT IS RECOMMENDED that this petition be DENIED AND DISMISSED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 10th day of November, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE